IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHNSE DESMON GILL                                                                    PLAINTIFF

v.                                      Civil No. 6:20-CV-06054

NURSE MONROE, *et. al.*                                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I.  BACKGROUND

Plaintiff filed his Complaint on May 14, 2020. (ECF No. 1). That same day, he was directed to file an *in forma pauperis* ("IFP") application and an Amended Complaint by June 5, 2020. (ECF No. 2). When he failed to do so, the Court entered a Show Cause Order on June 23, 2020, directing him to show cause for his failure to obey a Court Order by July 14, 2020. (ECF No. 4). On July 15, 2020, Plaintiff submitted a response which indicated he had tested positive for COVID-19, as well as an Amended IFP application. He did not submit an Amended Complaint. (ECF Nos. 5, 6). Plaintiff was granted IFP status on August 14, 2020. (ECF No. 7). The Court also entered an Order directing Plaintiff to submit an Amended Complaint by September 4, 2020. (ECF No. 9). On September 10, 2020, Plaintiff submitted copies of request and grievance documents, but did not submit an Amended Complaint. On September 16, 2020, the Court entered

1

a Show Cause Order directing Plaintiff to show cause for his failure to submit an Amended Complaint by October 7, 2020. (ECF No. 11). To date, Plaintiff has failed to respond, and has failed to otherwise communicate with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of November 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE